**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-24555-DPG**

FUNDRIAL ODOM, et al.,

      **Plaintiff,**

v.

CARNIVAL CRUISE CORPORATION,
d/b/a CARNIVAL CRUISE LINE, et al.,

      **Defendants,**

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Carnival Corporation[1] d/b/a Carnival Cruise Line's ("Defendant" or "Carnival") Motion for Summary Judgment ("Motion"). [ECF No. 22]. The only remaining plaintiff, Fundrial Odom ("Plaintiff"), filed a Response in Opposition to the Motion, [ECF No. 26], to which Plaintiff filed a Reply, [ECF No. 35]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **GRANTED**.

## I.    BACKGROUND

### A.    Factual History[2]

On November 19, 2023, Wilfred Odom, Jr., Plaintiff's husband, dropped Plaintiff and her daughter off at the entrance of the Mobile, Alabama cruise ship terminal. Plaintiff and her daughter were set to embark on the *Carnival Spirit*, Defendant's cruise ship, which was leaving that day.

---

[1] The Complaint identifies this Defendant as "Carnival Cruise Corporation".
[2] The facts in this matter are gleaned from Defendant's Statement of Material Facts, [ECF No. 23], and Plaintiff's Statement of Material Facts, [ECF Nos. 27–28].

According to Plaintiff, the cruise terminal was branded with Carnival logos, and she did not notice any other company logos in the area.

With her luggage in tow, Plaintiff and her daughter walked through the cruise terminal entrance until reaching the escalators to board the *Carnival Spirit*. Two escalator attendants stood at the base of the escalators directing oncoming passengers. Neither attendant identified herself as a Carnival employee. Although the attendants wore grayish uniforms with no noticeable badges or logos, Plaintiff assumed they were Carnival employees based on "the Carnival-only branding" in the area and the attendants' "performance of duties integral to the boarding process." [ECF No. 28 ¶ 19]. One of the attendants aggressively waved and verbally commanded Plaintiff to "hurry, hurry" and to "step, step" onto the escalator. *Id*. ¶ 20.

Because Plaintiff felt rushed and flustered by the attendant's commands, she stepped onto the escalator even though she did not have time to securely place her luggage on the same escalator step where she was standing. And because Plaintiff was unable to grip the escalator's handrail normally or prepare at her pace, she fell backward while trying to pull her luggage up to her step. Plaintiff struck her head on the rail and suffered lacerations on her body from the moving steps. Immediately after the fall, Plaintiff could not walk and an unnamed individual helped her into a wheelchair.

Despite her injuries, Plaintiff boarded the ship and was able to complete the full cruise. The ship's doctor treated her injuries with stitches and instructed her to return for daily medical checks. Plaintiff disembarked once to obtain medication at the direction of the ship's doctor. After the cruise, Plaintiff received additional medical treatment. A doctor attributed Plaintiff's post-cruise falls to vertigo cause by the fall on the escalator.

### B.      Procedural History

On November 18, 2024, Plaintiff and her husband filed this action against three Defendants.[3] In Count I, Plaintiff asserts a claim of negligence against Carnival based on vicarious liability; and in Count II, her husband asserted a claim for loss of consortium. [ECF No. 1]. Plaintiffs also sought punitive damages. *Id*. On April 28, 2025, Carnival moved to dismiss Count II and strike the claim for punitive damages. [ECF No. 11]. On May 23, 2025, after Plaintiffs failed to respond, the Court granted those motions by default. [ECF No. 14]. Accordingly, Wildred Odom, Jr., is no longer a party in this action.

On January 16, 2026, Carnival moved for summary judgment as to Count I, supported by its Statement of Material Facts. [ECF Nos. 22–23]. On February 9, 2026, Plaintiff filed her Response and Statement of Material Facts. [ECF Nos. 26–27]. On February 25, 2026, Carnival filed its Reply and a response to Plaintiff's Additional Statement of Material Facts. [ECF Nos. 35–36].

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (*quoting* Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all the record

---

[3] Defendant Carnival Corporation was the only Defendant to appear in this action. [ECF No. 5]. As Defendants Carnival PLC and Jane Doe have not been timely served, they shall be dismissed form this action.

evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). But to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## III.   ANALYSIS

### A.   Vicarious Liability Negligence

"An employer is vicariously liable for a tortious act of an ***employee*** committed within the scope of the employee's employment." *Santilli v. Cardone*, No. 8:07-CV-308-T-23, 2008 WL 4534138, at *4 (M.D. Fla. Oct. 7, 2008) (emphasis added). *See also Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169 (11th Cir. 2021) ("When the tortfeasor is an ***employee***, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of [that] ***employee*** acting within the scope of employment.") (emphasis added) (internal quotation omitted). And "absent sufficient allegations that an ***employee*** has committed a tort, no vicarious liability arises under respondeat superior." *Santilli*,  2008 WL 4534138, at *4 (emphasis added).

*See also Druker v. Walmart, Inc.*, No. 21-61022-CIV, 2022 WL 1571997, *3 (S.D. Fla. Apr. 11, 2022) (granting summary judgment for defendant employer because "other than Plaintiff's assumption about who the tortfeasor was, there [wa]s no record evidence to establish that he was a Walmart employee. Plaintiff's assumption is not evidence[.]") (cleaned up).

Defendant argues that summary judgment must be granted because "the alleged tortfeasor, the escalator attendant, is not a Carnival employee. Therefore, Carnival cannot be held vicariously liable." [ECF No. 22 at 5]. Defendant supports its argument with the Declaration of Rolando Diaz, Carnival's Senior Guest Claims Adjuster, who states that "Carnival does not employ, supervise, or control personnel in the Mobile, AL terminal . . . [and] the subject escalator attendant was not an employee of Carnival on the date of the incident alleged in Plaintiff's Complaint, or at any relevant time." [ECF No. 23–2 ¶¶ 10–11]. Plaintiff provides no evidence to rebut Carnival's assertion. Rather, Plaintiff relies on her assumptions about the attendant's employment status based on the attendant's guest-assistance duties and Carnival logos in the check-in area. Even if Plaintiff's assumptions were reasonable, those assumptions cannot overcome the actual evidence presented by Carnival.[4]

In her Response, Plaintiff argues that summary judgment is premature because "[e]ven if the attendant was technically a subcontractor (a fact disputed by context), Carnival exercised sufficient control over the boarding process to trigger respondeat superior." [ECF No. 26 at 2]. Despite her opportunity to conduct discovery on this issue, Plaintiff provides no evidence that Carnival employed or exercised control over the attendant. "Conclusory allegations and speculation are insufficient to create a genuine issue of material fact," *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015), and "Plaintiff cannot defeat summary judgment and enter

---

[4] In her Statement of Material Facts, Plaintiff admits that "she did not know the specific employer of the escalator attendant and that the attendant did not expressly identify herself as a Carnival employee." [ECF No. 27 ¶ 9].

trial armed with assumptions," *S.B. v. Fla. Agric. and Mech. U. Bd. of Trustees*, No. 4:16CV613, 2019 WL 11254780, at *12 (N.D. Fla. Mar. 1, 2019).

Because Plaintiff has not proffered record evidence establishing a genuine issue of material fact regarding the escalator attendant's employment status, Defendant is entitled to summary judgment on this claim.[5] *See Druker v. Walmart, Inc.*, No. 22-11646, 2023 WL 2439538, at *2 (11th Cir. Mar. 10, 2023) ("Given the lack of record evidence indicating that the person was employed by Walmart (and not an independent contractor, vendor, or customer) the district court determined properly that [the plaintiff's] assertions about the person's employment status constituted mere speculation insufficient to avoid summary judgment.").

**B.     Newly Raised Claims**

Plaintiff raises two new issues in her Response. First, Plaintiff argues that "Carnival owes passengers a non-delegable duty to exercise reasonable care under the circumstances for safe boarding. . . . [which] extends to the terminal embarkation process because it is integral to the voyage. . . . [and] [w]hether Carnival fulfilled its duty or improperly delegated it without ensuring competence." [ECF No. 26 at 3]. Second, Plaintiff argues that Defendant is liable for her fall because the escalator attendant was the apparent agent of Defendant. *Id*. at 4. These new issues may not be considered by the Court at this juncture because Plaintiff cannot raise a new claim or allege new allegations in her Response to avoid summary judgment. *See Kroll v. Lamberti*, No. 09-60228-CIV, 2010 WL 3119204, at *1 n.3 (S.D. Fla. Aug. 6, 2010) ("While Defendant may have a non-delegable duty regarding Plaintiff's care, Plaintiff's Amended Complaint does not allege that Defendant breached its duty [and] Plaintiff . . . may only rely on what he has actually pled in the Amended Complaint."); *Akai Custom Guns, LLC v. KKM Precision, Inc.*, 707 F. Supp.

---

[5] Importantly, Plaintiff has not established the underlying negligence of the attendant, the Jane Doe Defendant.

3d 1273, 1294 n.7 (S.D. Fla. 2023) ("Plaintiffs cannot attempt to raise new claims or plead new allegations on summary judgment."); *Mejdoub v. Desjardins Bank*, N.A., No. 14-CIV-62722, 2016 WL 4369968, at *6 n.4 (S.D. Fla. Jan. 11, 2016) ("Plaintiff may not raise new allegations in response to a motion in order to avoid summary judgment").

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Carnival's Motion for Summary Judgment, [ECF No. 22], is **GRANTED**.

2. Final Judgment will be entered separately.

3. This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June 2026.

_____

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**